WILLIAM A. DYKMAN, as Receiver of THE COMMERCIAL BANK, Respondent, *v.* SETH L. KEENEY et al., Defendants; DAVID W. BINNS, Appellant.

CORPORATIONS — ACTION BY RECEIVER AGAINST DELINQUENT DIRECT-ORS — ACTION AT LAW.   Where an action is to hold persons responsible to the receiver of a corporation for a neglectful and wrongful perform-ance of their duties as directors and to recover the losses sustained by the corporation, the action is one at law, and something more is required to warrant the intervention of a court of equity than mere allegations show-ing that the acts complained of are numerous and complicated, that they are difficult of ascertainment without a discovery with respect to them, and that a multiplicity of actions would be necessary if all the directors who were in office during the whole or a part of the time within which the acts complained of were committed could not be associated as defend-ants in one action.

*Dykman* v. *Keeney*, 21 App. Div. 114, reversed.

(Argued December 6, 1897; decided December 14, 1897.)

APPEAL, by certification, from a judgment of the Appellate Division of the Supreme Court in the second judicial depart-ment, entered October 9, 1897, which affirmed an interlocu-tory judgment in favor of plaintiff overruling a demurrer to the complaint.

The allegations of the complaint, the grounds of the demurrer and the questions certified are stated in the opinion.

*Henry M. Dater* and *George F. Elliott* for appellant.   An action in equity by a corporation or its receiver against its delinquent directors will not lie to compel them to account for damages due to the negligent or other tortious acts of the directors unattended with profits to such directors.   (*O'Brien* v. *Fitzgerald*, 143 N. Y. 377; 6 App. Div. 509; 150 N. Y. 572; *Higgins* v. *Tefft*, 4 App. Div. 62; *E. S. S. Bank* v. *Beard*, 151 N. Y. 638; 81 Hun, 184; *Place* v. *Minster*, 65 N. Y. 89; *Ambler* v. *Choteau*, 107 U. S. 586; Morawetz on Corp. § 521; Taylor on Corp. [2d ed.] § 626; 2 Lindley on Part. 595, 596; *Parker* v. *McKenna*, L. R. [10 Ch.] 96;

*Grunan* v. *Smith*, 81 N. Y. 25; *Root* v. *Ry. Co.*, 105 U. S. 189; *F. F. Ins. Co.* v. *Jenkins*, 3 Wend. 130; *Gaffney* v. *Colvill*, 6 Hill, 567.) The plaintiff herein is not entitled to the intervention of equity upon the ground of the necessity of a discovery. (*O'Brien* v. *Fitzgerald*, 143 N. Y. 377; *Higgins* v. *Tefft*, 4 App. Div. 62; *E. S. S. Bank* v. *Beard*, 151 N. Y. 638; *Uhlman* v. *N. Y. L. Ins. Co.*, 109 N. Y. 421; *Root* v. *R. Co.*, 105 U. S. 189; Code Civ. Pro. § 1914; *Glenney* v. *Stedwell*, 64 N. Y. 120; *King* v. *Leighton*, 58 N. Y. 383; *Ex parte Boyd*, 105 U. S. 657; *Rindskopf* v. *Platto*, 29 Fed. Rep. 130; *Town of Venice* v. *Woodruff*, 62 N. Y. 462.) There are no complications of accounts, and equity has no jurisdiction to interfere for the purpose of apportioning the joint and several liability in a personal action at law. (*O'Brien* v. *Fitzgerald*, 6 App. Div. 509; *Higgins* v. *Tefft*, 4 App. Div. 62; *E. S. S. Bank* v. *Beard*, 151 N. Y. 638; *Porter* v. *Spencer*, 2 Johns. Ch. 169; *Uhlman* v. *N. Y. L. Ins. Co.*, 109 N. Y. 421; *Phillips* v. *Phillips*, 9 Hare, 471; *Hicks* v. *Sallet*, 27 Eng. Law & Eq. 213; *P. C. Co.* v. *D. & H. C. Co.*, 31 N. Y. 91; Pollock on Torts, § 171; *Merriweather* v. *Nixon*, 8 T. R. 186; *Adamson* v. *Jarvis*, 4 Bing. 66.) There is no ground for the intervention of equity for the purpose of preventing a multiplicity of suits. (*O'Brien* v. *Fitzgerald*, 6 App. Div. 509; *Higgins* v. *Tefft*, 4 App. Div. 62; *E. S. S. Bank* v. *Beard*, 151 N. Y. 638; *Pfohl* v. *Simpson*, 74 N. Y. 137; *Bouton* v. *City of Brooklyn*, 15 Barb. 375; 2 Story's Eq. Juris. §§ 853, 854; *Tribeth* v. *Railway Co.*, 70 Miss. 182; *Stanton* v. *M. P. R. Co.*, 15 C. P. R. 296; *Nash* v. *H. S. Co.*, 90 Hun, 354; Story's Eq. Pl. § 271; 1 Foster's Fed. Pr. § 71; *Campbell* v. *Mackay*, 1 M. & Cr. 603, 608; *L. & B. S. R. R. Co.* v. *Goodman*, 15 How. Pr. 85; *Swift* v. *Eckford*, 6 Paige, 22; *Enos* v. *Thomas*, 4 How. Pr. 48.)

*Herbert T. Ketcham* for respondent. There is such a thing as a sound complaint in equity against parties situated as are these defendants. The only test is whether the complaint

contains allegations apt and appropriate to the conceded juris-
diction. (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; 99 N. Y.
185; 105 N. Y. 567.) This court should reject ·the dogma
that an action against directors of a bank for accounting can
only be maintained as to assets of which they have had actual
title and possession. (*Sayles* v. *C. Nat. Bank*, 18 Misc. Rep.
155.)

GRAY, J. This action is brought by the receiver of the
Commercial Bank against certain persons, who either were
formerly directors of the bank, or who are the personal repre-
sentatives of deceased directors. The complaint alleges that
these directors were such between April, 1886, and August,
1893; some during all of that period of time and others dur-
ing varying periods of time between those dates. It charges
the defendants, during the several periods while they were in
office, with conduct which was negligent, wasteful and in vio-
lation of the statute in many respects and the result of which
was to effect the ruin of the bank. It shows that loans and
discounts were made in excess of the amount allowed by law;
that losses were permitted to occur to an amount in excess
of the undivided profits, thereby creating a deficit in the
capital of the bank; that debts were suffered to remain with-
out prosecution and on which no interest had been paid for
more than one year; that, in the calculation of profits for
the purpose of dividends, debts and the interest accrued and
unpaid on the same were included; that pretended dividends
on the shares of bank stock were made as from undivided
profits, when, in fact, they were paid out of the capital stock;
that obligations were permitted to be renewed without the
payment of the accrued interest; that overdrafts were per-
mitted to be made; that loans were made to persons, who were
already indebted to the bank, or who were known to be engaged
in hazardous enterprises, or upon pretended security known to
be inadequate; that certain of the directors were allowed to
obtain a preference over the bank by judgment and execution
against a certain mining company, which was largely indebted

to the bank, when, if the bank's claim against the company's property had been duly enforced, it might have been, at least in part, collected; that they retained in office a cashier, with knowledge that he was dishonest, incompetent and guilty of a falsification of the books of the bank, and, finally, that reports were caused to be made to the superintendent of the banking department, which contained misstatements and which were made to insure a continuance of the bank in business. It is alleged in the complaint that none of the acts complained of were completely accomplished by all of the directors; that certain of them were done during their several periods of office; that the persons, mentioned as having done the acts complained of within periods of time specified, are severally liable for the separate and personal misconduct of such acts and in separate and different amounts therefor; that, as to many of the acts complained of, the plaintiff is unable to determine or allege the degree in which the particular directors have respectively participated, or the proportion or amount of their liability. The complaint alleges that the acts complained of were numerous and complicated and that many were not recorded in the books of the bank; that the books and accounts do not contain accurate records of the acts which were done in the name of the bank by the directors, while they were respectively in office, and that plaintiff is unable to determine the number, or the nature, of the said acts, or the sums of money involved therein respectively. It is alleged that the plaintiff has not knowledge or information sufficient to enable him to prove the acts complained of, unless a discovery and an account thereof be made by the defendants, and that, unless relief is granted to him against all of the defendants, as hereinafter prayed for, it will be necessary for him to bring and maintain a multiplicity of actions, to the delay of his administration, and that, by reason of the matters alleged, he has no adequate remedy at law in the premises. The prayer of the complaint is for a judgment, first, that the defendants were guilty of negligence, waste and violation of duty under the law, in doing the acts alleged;

second, that the bank had suffered loss and damage by reason of such acts and that the plaintiff is entitled to recover from each of the defendants, respectively, the amount which shall, upon an accounting in this action, appear to be due from them respectively and, third, that an account be taken between the plaintiff and each of the defendants and that each defendant make discovery, not only as to the acts and transactions done in the name of the bank by any of the directors, but also as to the liability of each of the defendants and the degree and proportion of such liability, and that upon such an account the damages sustained by the bank may be ascertained and that the plaintiff recover from the defendants respectively the separate and different amounts for which each of the defendants may be found to be severally liable for the several and personal misconduct in the premises of himself or his decedent.

One of the defendants has demurred to the complaint, upon the grounds that there was an improper joinder of causes of action and that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled at the Special Term and, upon appeal to the Appellate Division, there was an affirmance of the Special Term judgment. An application for leave to appeal was granted by the Appellate Division and two questions of law were certified for review by this court, viz.: whether the complaint in this action sets forth a cause of action in equity and, second, whether there has been an improper joinder of causes of action in the complaint herein.

I think that the present appeal is controlled by our disposition of the case of *O'Brien* v. *Fitzgerald* (150 N. Y. 572). That, like this, was an action brought by receivers of a bank to recover against its directors for the negligent performance of their duties and the demurrer to the complaint raised a similar question to that now before us. When that case first came before this court (143 N. Y. 377), we all concurred in the opinion that the demurrer should be sustained. Judge FINCH, who delivered the opinion of this

court, observed that, on its face and in its form, the action was one at law, to recover damages for negligence and that no facts were stated which indicated a need of the intervention of a court of equity. He pointed out several respects, in which the complaint was wanting in proper averments to make out an equitable cause of action, and he concluded that, while the formal demand of relief is not decisive of the legal or equitable character of the action, yet the demand for a money judgment therein was consistent with a perfect cause of action in the complaint to recover damages at law.

When that case again came before this court (150 N. Y. 572), certain amendments had been made in the complaint. Allegations were inserted, to the effect that, by reason of the several liability of the defendants for personal misconduct and breaches of trust and of the necessity for the court to determine the extent to which each defendant was chargeable, full and adequate relief could not be granted, unless the defendants were required to account in the action for their respective acts and that, unless relief were thus granted against all the defendants, it would be necessary to bring and maintain a multiplicity of suits, involving great expense to the estate and delay in the plaintiffs' administration of their trust. It was, also, alleged that, for the completeness of the plaintiffs' remedy, it was necessary that the several defendants should make discovery as to their conduct and management of the affairs of the bank. It was, further, alleged, that the plaintiffs had no adequate remedy at law and they prayed for judgment that the defendants be required to account with respect to their administration of the trusts reposed in them; that their liability be apportioned among them and the amount of the liability of each fixed and determined ; that a decree be rendered against each for an amount equal to the injury to the trust fund administered by them and that they make full discovery as to their participation in the breaches of trust set forth.

The Appellate Division then affirmed the judgment of the Special Term sustaining the second demurrer to the complaint

(6 App. Div. 509); but certified to us the same questions as have been certified in the present case. We affirmed the judgment upon the opinion below, holding that the amended complaint did not set forth a cause of action in equity, and that there had been an improper joinder of causes of action. The opinion delivered at the Appellate Division had reviewed the several cases in which the question under discussion had been considered and, in the light of that review, came to the conclusion that the case had not been changed by the amendments to the complaint. It was said of them, that they were not allegations of fact, but were conclusions as to the liability of the various defendants and expressed merely the opinion of the pleader as to the necessity of equitable intervention. It was held that there were no facts stated, which showed that a discovery was requisite to the completion of the remedy, or that an accounting was necessary, and that there were no facts alleged which brought the case within any of the principles which courts of equity administer. It was observed, with respect to the allegation, that a multiplicity of suits would be required; that it was a multiplicity of actions against a multiplicity of people, rather than against one person, which latter case, only, would justify equitable interference. The opinion of Judge INGRAHAM summed up the argument in this wise: "Where his liability to his *cestui que trust,* or to the corporation of which he is a director or trustee, is not to account for specific property, but for damages because of his negligent act in the performance of his duty, a different principle arises as to his liability, from that of a case where, in consequence of his relation to the property of the trust, he is bound to show what disposition of that property has been made, being chargeable with the value of the property."

It is very clear, therefore, that we are committed by our decision in *O'Brien* v. *Fitzgerald,* to the view that where the action is to hold persons responsible to the receiver of a corporation for a neglectful and wrongful performance of their duties as directors and to recover the losses sustained by the corporation, the action is one at law and that something more

is required to warrant the intervention of a court of equity, than mere allegations showing that the acts complained of are numerous and complicated; that they are difficult of ascertainment, without a discovery with respect to them, and that a multiplicity of actions would be necessary, if all the directors, who were in office during the whole or a part of the time within which the acts complained of were committed, could not be associated as defendants in one action.

While some observations of Judge FINCH, when the case of *O'Brien* v. *Fitzgerald* was first before us, have been pointed out, as indicating that such an action might lie in equity, they were made with respect to the case appearing by the complaint before him and it is very clear from his opinion that he entertained a grave doubt as to whether an equitable action could be at all supported upon the facts pleaded. His expression as to that was as follows: "My doubt about that is very grave, although I leave the question open." Again the doubt appears, when, after remarking that some cases seem to allow the remedy of a suit in equity by a corporation against its directors to recover losses, he says: "Granting that, and granting also what I am not now ready to admit as the law of this state, that the facts pleaded in the present case are sufficient to support the action as an equitable one, we are left by the pleader in a doubt which can only be solved by recurring to the demand for relief." The question was, therefore, left an open one and was met upon the second demurrer to the amended complaint in *O'Brien* v. *Fitzgerald.* It is, again, here in even a stronger form.

That an action in equity will lie by a stockholder against the directors of his corporation, for violations of their duties, or breaches of the trust committed to them, is well settled and as recently asserted as in the case of *Brinckerhoff* v. *Bostwick* (88 N. Y. 52; 105 N. Y. 567). But, as it was observed by Judge FINCH in the opinion referred to, there is a wide and vital difference between such a case and one where the action is by the corporation against its delinquent directors. Quite lately, the case of *Empire State Savings Bank*

*of Buffalo* v. *Beard* (151 N. Y. 638), was disposed of by us upon the authority of *O'Brien* v. *Fitzgerald.* That case was very similar to the present one, with respect to the acts complained of on the part of the trustees of the savings bank, and presented a continuous system of mismanagement. The General Term had there held that the action would lie in equity in order to prevent a multiplicity of actions. In the case of *Higgins* v. *Tefft* (4 App. Div. 62), the opinion of this court in *O'Brien* v. *Fitzgerald* was followed, and similar conclusions reached, as were affirmed by us upon the second appeal in that case.

In such actions as these the defendants, as directors, are not proceeded against, strictly, as trustees, but as agents acting for a principal and for any damage caused by their neglect and violation of duty the remedy at law is adequate. The difficulties of proving the wrongful and neglectful acts of directors, the extent to which each has participated in the acts of mismanagement alleged and the proportion or degree of their liability to respond in damages, are no greater in a court of law than they would be in a court of equity. They are chargeable, not with the sums which have been lost, but only for the direct injury to the bank which resulted from the neglect of their duties. Directors of a corporation are not vested with the title to the property of the corporation, and, therefore, as trustees, liable to account in equity for the disposition which they may have made of it. They are agents of the corporation, upon whom duties devolve of management and of care; for a failure in the performance of which they will be held liable at law for the damages, which their corporation may be shown to have sustained. Discovery is one of the elements of the right to resort to equity, but it would not properly consist in the ascertainment by the complainant of the several or proportionate liabilities of the defendants to the corporation for damages sustained by their neglect in the performance of the duties devolved upon them. It had reference, usually, to where an accounting was involved and a statement required of items

of debit and credit, or of specific property with which the defendant was chargeable. It was the resort of a defendant, when sued at law, in aid of his defense ; which, without a discovery, might fail of establishment. No accounting is necessary in such an action as this; for, if all the facts be true, there would be no sum of money, as to which these defendants, or either of them, would be held liable to account.

Without further discussion, the conclusion I have reached is that, although the pleader has endeavored, in the framing of his complaint, to give to it an equitable form, he has failed to do more than to show, and to enlarge upon, the difficulties of the plaintiff's situation and of making the proof to sustain a recovery. It only sets forth a cause of action for damages for the negligent and wrongful acts of these directors ; where equitable relief is unnecessary and where the defendants ought not to be deprived of their constitutional right of a trial by jury. If there is any hardship in these views and if it is urged, (which I do not admit), that the difficulty of holding delinquent directors responsible for their wrongful and negligent acts is added to and should require a different rule, the remedy should be sought for in legislation, which would permit that form of action which the law of the state does not now, in my judgment, permit.

The questions certified to us are answered as follows :

1st. Whether the complaint in this action sets forth a cause of action in equity. Answer, no.

2d. Whether there has been an improper joinder of causes of action in the complaint herein. Answer, yes.

The judgments appealed from should be reversed and the demurrer of the appellant is sustained, with costs.

All concur, except Martin, J., not voting.

Judgments reversed.