GRAY v. BACK et al. (two cases).

(Supreme Court, Special Term, Broome County.   March 8, 1908.)

COUNTIES—REMEDIES OF TAXPAYER—ACTION—FORM—LEGAL OR EQUITABLE—
MALFEASANCE OF TREASURER.
    An action by a taxpayer of a county against the county treasurer and
    county custodian and the surety of the treasurer for the misappropriation
    of county moneys is one at law, and a suit in equity for an accounting
    does not lie.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Counties, § 308.]

    Action by Richard A. Gray, a resident, citizen, and taxpayer of
Broome county, against Arthur W. T. Back, clerk of the board of
supervisors of the county, David B. King, county treasurer, and others,
for the misappropriation of county moneys.   Demurrer to complaint,
with leave to amend, sustained.

    The following was the prayer of the complaint:

    "Wherefore the plaintiff demands judgment for an accounting of said mat-
ters against all of the defendants, and that the plaintiff on such accounting
have judgment against the defendants David B. King and Arthur W. T. Back
for the sum of $195,719.40, with interest from the respective dates of said

payments, and against the defendant the Ætna Indemnity Company of Hartford, Conn., for the sum of $100,000, with interest from the dates of said respective payments, and for such other and further relief as may be just, with the costs of the action."

A. D. Wales, for plaintiff.

Lexow, Mackellar & Wells, for defendant Ætna Indemnity Company.

O'Brien, Boardman & Platt, for defendant Fidelity & Deposit Company of Maryland.

LYON, J.   The judgment demanded in each of these actions is for an accounting against all the defendants, and that upon such accounting the plaintiff have judgment against the defendants King and Back, as county treasurer and county custodian, respectively, for specified sums alleged to have been misappropriated of county moneys, and against the defendant surety company for the penalty of the bond.

The principal ground of demurrer of each surety company relates to the form of the action; the surety company claiming that an action in equity for an accounting cannot be maintained against it upon the facts pleaded, and that the action must be one at law.   The liability of the surety company being primarily to the county, and a taxpayer's right to bring the action being a substituted one, the form of the action must be the same as one brought by the company against the surety upon such an obligation, where the complaint alleges malfeasance and the conversion of moneys by the official.   While this question raised by the demurrer does not seem to have been passed upon by the courts in a taxpayer's action, yet in an action very analogous, brought by the receivers of a banking corporation against defaulting directors, the law is settled that the action must be one at law, and that an action in equity will not lie.   O'Brien, Receiver, v. Fitzgerald, 150 N. Y. 572, 44 N. E. 1126; Dykman, Receiver, v. Keeney, 154 N. Y. 483, 48 N. E. 894.

The contention of the surety company that the facts pleaded constitute the action one at law, entitling it to a jury trial, seems to be well founded, and the demurrers must be sustained, but with leave to the plaintiff to serve amended complaint within 20 days after the entry of interlocutory judgments.