PORTER, Receiver of the Independent Elevator Company, Respondent, v. HALLET & CAREY COMPANY, Appellant.

(166 N. W. 525.)

(File No. 4209.   Opinion filed February 25, 1918.)

1.  **Contracts—Board of Trade Speculation, Recovery to Meet Losses—Corporation Moneys, Transaction by Agent, Expenditure Through Agency—Corporate Knowledge of Transaction, Effect—Right to Recover, Whether Corporation, or Agent.**

One N., and two others constituted plaintiff's board of directors, N. being also secretary and manager and in charge of the corporation books.  Certain of plaintiff's money was paid by N. to defendant corporation to meet losses which had resulted from board of trade speculations; entries of payments of said moneys both credits and debits being regularly made in plaintiff's books as were its usual business transactions.  The other directors plead ignorance of contents of the books.  There was no evidence to sustain finding that defendant, when it received the money, knew the party paying same had no authority to pay it over for purpose for which it was paid.  Held, that the transactions in question were those of plaintiff; the books in effect showing that plaintiff, and not N. was the real party in interest in the transaction; that N. could not have claimed, as against plaintiff, any profit arising therefrom; that the other directors' ignorance of the contents of the books is not a ground of recovery by plaintiff.

2.  **Corporations—Corporate Books, Contents, Duty of Directors to Know—Recovery to Meet Board of Trade Losses Recorded, Right To.**

A corporation may not base a right of recovery of moneys shown by its books to have been expended, on the ground of the directors' ignorance of what appeared on the company's books.  The corporation's duty is to know what its books disclose; which knowledge should come through its board of directors; and the corporation, as against third parties, cannot be heard to plead ignorance which, if it existed, resulted from directors' failure, to advise themselves of the corporate book entries.  So held, where plaintiff corporation sued defendant corporation to recover the amount of losses resulting from board of trade speculations with plaintiff's moneys, so applied through its manager who made the book entries, in the board of trade transactions.

McCoy, J., dissenting.

Appeal from Circuit Court, Beadle County.   Hon. JOSEPH H. BOTTUM, Judge.

Action by Clement F. Porter, Jr., Receiver of the Independent Elevator Company, a corporation, against the Hallet & Carey Company, a corporation, to recover certain moneys claimed by plaintiff to have been wrongfully paid by its manager to defendant corporation for use in board of trade speculations. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

*H. V. Mercer, C. C. Krause,* and *Krause & Krause,* for Appellant.

*Frank McNulty,* and *Howard Babcock,* for Respondents.

(1)   To point one of the opinion, Appellant cited:   Davis v. Smith, 29 Minn. 202.

Respondent cited:   Porter v. Lien, 36 S. D. 18, 153 N. W. 905; Maurin v. Lyon, 69 Minn. 257, 72 N. W. 72; Mohn v. Miesen, 47 Minn. 228, 49 N. W. 862; Union Stock Yards National Bank v. Gillespie, 137 U. S. 411; 34 L. Ed. 724.

(2)   To point two of the opinion, Appellant cited:   Russell v. Waterloo Threshing Machine Co. 116 N. W. 611 (N. D.); Brown's Valley State Bank v. Porter, 232 Fed 434; Bank v. Porter, 232 Fed. 434; Columbia Mill Co. v. Nat Bank of Commerce, 52, Minn. 224 (53 N. W. 1061); Sinclair v. Investors' Syndicate, 125 Minn. 311-314.

WHITING, P. J.   Action for certain moneys which it is claimed that one Norby wrongfully paid to defendant corporation out of the moneys of the Independent Elevator Company, hereinafter spoken of as plaintiff.   Judgment for plaintiff.   From such judgment and an order denying a new trial this appeal was taken.

Respondent objects to a consideration of the statement contained in appellant's brief and to a consideration of a part of the printed record herein designated "Appendix."   Such objections are without merit in the light of the settled record herein.

Respondent objects to our considering the question of the sufficiency of the evidence to support the findings, urging five reasons why we should not consider same.   An examination of the whole record herein reveals that none of said objections are well taken; and none of them raise any question of practice of sufficient moment to warrant further consideration.

Certain money was paid to defendant to meet losses which had resulted from speculations upon the Chicago Board of Trade. In conducting such speculative transactions defendant was acting either for plaintiff or for Norby. It is the contention of plaintiff and was found by the trial court that such transactions were in fact the personal transactions of Norby; that they were made in his name by defendant; that Norby had no authority to use the money of plaintiff in connection with such transactions whether they were entered into for himself or for plaintiff; that defendant, when receiving the money, knew it to be the money of plaintiff; and that it took such money at its peril and subject to a liability to repay the same to plaintiff if Norby did in fact lack authority to use the same for the purposes for which he placed it in defendant's hands. The court also found that, when defendant received such money from such manager, it knew that he had no authority or right to pay said money to defendant for the purposes for which it was paid to and received by defendant.

[1, 2] The evidence in this case is very voluminous. We have given to same the most careful consideration and analysis both by a study of the printed record herein, by a study of the settled record transmitted to us from the trial court. No useful purpose could possibly be subserved by an extended review of such evidence. The evidence show that Norby and two others constituted plaintiff's board of directors, Norby being also secretary and manager and as such having charge of the books of such corporation. A record of the payment of this money to defendant was regularly entered upon plaintiff's books exactlyy as were other business transactions of plaintiff. All the proper entries, both debits and credits, were entered upon such books from time to time exactly as would have been done if the business transacted through defendant were being transacted for and on behalf of plaintiff. On the face of such books it would appear that plaintiff and not Norby was the real party in interest in the business transacted by defendant. In the light of such books Norby could not have claimed, as against plaintiff, any profits arising from such transactions. The other directors plead ignorance of the contents of the books, and the only possibly ground upon which plaintiff could be allowed

to recover was because of such alleged ignorance. Plaintiff should not be allowed to base a right of recovery on such directors' ignorance of what clearly appeared on the company's books. It is the duty of a corporation to know what its books disclose; this knowledge should come through its board of directors; and the corporation, as against third parties, should not be heard to plead ignorance when such ignorance, if same in fact existed, resulted from the failure of such directors to advise themselves of what was revealed by the books of the corporation. As was said by the court in Bank v. Porter, 232 Fed. 437, 146 C. C. A. 431, a case involving the business of plaintiff corporation and in which the evidence was, in great part, identical with that before us:

"Had * * * [the two directors of plaintiff other than the secretary and manager] given due attention to their duties as directors, they would have known these payments were being made, and it was due to the manner in which they conducted the business that they did not know."

There was absolutely no evidence to sustain the finding that defendant, when it received the money, knew that the party paying same had no authority to pay it over for the purposes for which it was paid.

We are of the opinion that, under the undisputed evidence herein, there is no room for reasonable men to reach different conclusions as to the material facts; and that, under such facts, the transactions in question were those of plaintiff. This being true we must, as a matter of law, reverse the trial court. Drew v. Lawrence, 37 S. D. 620, 159 N. W. 274. In any case it would be unconscionable to allow plaintiff to recover herein, because, while this suit is brought ostensibly on behalf of plaintiff company, in reality, as is clearly disclosed by the evidence, the only persons who would in fact benefit thereby are the two directors other than Norby and those claiming under Norby.

The judgment and order appealed from are reversed.

McCOY, J., dissenting.