GOFF, et. v. EMDE, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8613. Decided Aug. 6, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

Houck and Lemert, JJ., of the 5th Dist., and Lloyd, J., of the 6th Dist., sitting.

**CORPORATIONS.**

(160 Ob) Directors of a corporation, not having appropriated to their own use any of its assets or property, or profited personally from any transaction with it, but, having evidenced confidence and faith in its affairs by investing and later, losing, large sums of money themselves, cannot be held guilty of actionable negligence.

Appeal from Common Pleas.
Decree for Defendants.

Vickery & Vickery, W. K. Gardner, James McSweeney and Howard Burns, Cleveland, for Goff, et.

Walter C. Rohrbacker, George E. Schroth, W. C. Shepherd and John Andrews, Cleveland, for Emde, et.

STATEMENT OF FACTS.

The amount of money sought to be recovered in this action is about $8,000,000 and grows out of the defalcations of the late Cleveland Discount Co.

The plaintiffs, on behalf of themselves and other stockholders of said company, seek to recover for the benefit of the company against seventeen defendants, who were its directors at the time it ceased to function, based on the claimed negligent acts on the part of said directors in the conduct and management of the corporate affairs and business transactions of the said Cleveland Discount Co.

It was stated and agreed to in this court, on the trial, by counsel on both sides, that the only parties in interest here and the issues to be determined by this court were and are those of the plaintiffs and the defendants, William H. Hopple, the estate of Allen Andrews and the receivers of the Cleveland Discount Co., predicated on the pleadings filed by them and the evidence offered thereon.

HOUCK, J.

The sole and only question here is one of fact. Under the record evidence are the defendants—Hopple and Andrews or either of them—guilty of actionable negligence?

The duties of directors of a corporation seem to be well settled in this as well as other jurisdictions. They are bound to care for the corporate property and conduct and manage its affairs in good faith, and for a violation of these duties, resulting in waste or loss of its assets, they are liable and must account the same as other trustees. If they act clearly beyond their power, thus resulting in loss to the corporation, they are personally liable.

Directors are also liable if they suffer the funds of the corporation or its property to be lost or wasted by gross negligence, and inattention to the duties of their trust.

Vol. 7, R. C. L., Sections 460, Vol. 2, Cooley on Torts, page 985.

4 Fletcher on Corporations, Sections 2406 and 2452. Also Vol. 7 R. C. L., Sections 547 and 458.

It will be conceded that directors of corporations occupy a responsible and important business relation to the general public; and in accepting such position of trust and responsibility it is not only presumed but expected of them that they will deal with the corporate property and conduct the business of the corporation with prudence and good faith. They have assumed the duty to properly, intelligently and honestly conduct all the corporate affairs in such a way and manner as will be for the best interest of the stockholders and all concerned. However, this may be, yet the directors are not held as a matter of law, to know all its affairs, transactions or business conducted by the corporation or at all times to know just what its books and papers contain; and it is well settled that such knowledge can not be imputed to them for the purpose of charging them with liability.

The rule in Ohio as well as in most jurisdictions appears to be as laid down in 2 Thompson, Corporations, Sec. 1410.

It is not claimed by plaintiffs that directors Hopple and Andrews appropriated any of the assets or property of the company to their own use or in any way profited personally from any transaction with the corporation. Yet, it was stated in oral argument and its truthfulness not disputed that Hopple had lost $200,000 and Andrews $25,000 in investments made with the company. This certinly is an outward sign of an inward feeling that they had confidence and faith in the company and in its soundness financially at least at the time the investments were made and up to or about the time the receivers were appointed.

The claimed mischief lies in that they should have known or with proper care and attention given to the company they would have or should have known of its improper conduct on the part of its president and certain other officers of the corporation.

Under the evidence before us it is clear that the "guiding star" of the Cleveland Discount Co. was Josiah Kirby, its president, and under the corporation charter and the rules and regulations of the company, Josiah Kirby, the president, was in full and complete command.

It does not require a very careful reading of the evidence to determine that under these wide powers given Mr. Kirby that he was from the beginning to the end the dominant factor and autocratic leader of the business done and policies carried out by the Cleveland Discount Co. until the "crash" came and the story of "Kirby's Frenzied Financial Career" is now history.

But the evidence does not disclose such confidential or friendly relationship as between Hopple and Andrews on the one part and Kirby or any one else on the other part with reference to any of the business transactions of the company, that would in any way or manner indicate that Hopple and Andrews or either of them had knowledge either directly or indirectly of any improper or illegal transactions of the company or any of its officers that would show guilty knowledge on their part, or that they—Hopple or Andrews or either of them—ought to have known or that a reasonably prudent business person should have known under like circumstances.

As to the law governing this case we are convinced that the decision and the authorities cited therein in the case of Mason v. Moore, 73 Ohio State, 275, are clearly applicable to the proven facts before us. This, together with the other authorities cited and the rules of law herein laid down lead us to the unanimous conclusion that there is a failure of proof on the part of plaintiffs to establish the material allegations of the petition as against the defendants—Hopple and Andrews—or either of them and plaintiffs' petition is dismissed as to them.

Judgment for the defendants, William H. Hopple and Belle D. Andrews, Executrix of the Estate of Allen Andrews, deceased.

(Lemert, J., and Lloyd, J., concur.)