### No. 31,789

C. A. NOLL, as Receiver of THE UNION FINANCE CORPORATION, *Appellant*, v. E. E. BOYLE, L. S. BOYLE, ROBERT C. FOULSTON, DWIGHT SMITH and THE UNION FINANCE CORPORATION, *Appellees*.

(36 P. 2d 330.)

Opinion filed October 6, 1934.

*D. W. Eaton*, of Wichita, for the appellant.

*R. R. Vermilion, Earle W. Evans, J. G. Carey, W. F. Lilleston, George C. Spradling, Henry V. Gott* and *George Stallwitz*, all of Wichita, for appellee Dwight Smith; *George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith* and *C. H. Morris*, all of Wichita, for appellee Robert C. Foulston.

The opinion of the court was delivered by

SMITH, J.: This is an action against directors of a corporation brought by the receiver of the corporation to recover for losses sustained by the corporation because of the investment of its funds in enterprises beyond its charter powers. Judgment was for defendant. Plaintiff appeals.

The petition of plaintiff states nine causes of action. The purposes for which the corporation was organized are expressed in the charter as follows:

"To acquire or sell and otherwise dispose of and deal in .commercial paper and the doing of all things necessary and incident to such business."

The first cause of action alleges that while the defendants were directors of the corporation it gave its check for the purchase of a carload of beans for speculative purposes, and that the corporation lost $2,211.50 by the speculation. This cause of action and each of the other causes of action contain the following allegation:

"That at the time of the drawing and cashing of said check the defendants, *E. E. Boyle and L. S. Boyle, were actively engaged in the transaction of the business of said corporation* and knew of and participated in the drawing and cashing of said check and actively participated in said transaction. That the defendant Robert C. Foulston was a director of said corporation and secretary thereof and knew or should have known that the funds of said corporation were being withdrawn for purposes beyond the charter powers of said corporation and consented to such acts."

The second cause of action alleges that the corporation gave its check to one G. K. Burton to be used for the purposes of building a miniature golf course.

The third, eighth and ninth causes of action allege that checks of the corporation were issued to certain men for the purposes of financing these men in the investment brokerage business.

The fourth and fifth causes of action allege the issuing of checks to certain men for purposes not authorized by the corporation. The purposes for which the money was used are not set out in these two causes of action.

The sixth cause of action alleges that the corporation gave its check to one Raleigh Vaughn for the purpose of selling and handling vacuum cleaners.

The seventh cause of action alleges that the corporation gave its check to the Guarantee Bond & Mortgage Company, which company was dominated and controlled by defendants.

Each cause of action alleged that the company lost money by the transaction set out, and that the payment of the money in the manner described was unauthorized by the charter of the company.

A demurrer to each cause of action was sustained on the ground that the petition did not state a cause of action. It is from that judgment that this appeal is taken.

The argument of plaintiff is that the corporation was organized under subdivision 53 of R. S. 17-202. That section states the purposes for which corporations may be organized. Subdivision 53 is as follows:

"The organization of investment and loan companies with power to loan money upon real estate, chattel or personal security."

Plaintiff points out that the transactions described in the petition are not such as are authorized by the charter of the corporation or the statute, and that the directors knew or should have known of the use to which the money was being put and that it was unauthorized, and the directors are liable to the corporation for any damage that results to the corporation from these unauthorized investments. The argument is that this liability, rests upon the fact that the directors of a corporation are bound to care for its affairs in good faith, and for a violation of these duties, resulting in a waste of its assets or injury to the property, they are liable to account the same as other trustees. (See 7 R. C. L. 473.)

A document was filed in the case, which had the effect of relieving E. E. Boyle and L. S. Boyle from liability in the action. It is as follows:

"The plaintiff herein, C. A. Noll, as receiver, hereby covenants, promises and agrees that he will not prosecute this suit further as against the defendants E. E. Boyle and L. S. Boyle, nor will he bring or institute any other suit or proceeding of any kind or character against E. E. Boyle and L. S. Boyle for and on account of the matters and things mentioned in the petition herein. This covenant is without prejudice to the right of the plaintiff above named to recover herein as against any other defendant in this action, and it is expressly understood that the making of this covenant shall in no wise affect the liability of other defendants in this cause."

Appellees argue that the Boyles occupy the position of agent to Foulston and Smith, on account of the fact that the Boyles were managing the company, and that since the receiver relieved the Boyles from liability this must of necessity amount to a release of Foulston and Smith.

The defendants also argue that in all the causes of action after the first, the petition pleads that the investments were unauthorized, but this is merely a conclusion that there is not a sufficient pleading of facts from which it may be determined that the transactions described actually were unauthorized, and that from the facts pleaded in the petition it may be inferred that the transactions described are really investments which the corporation was authorized to make.

The last proposition urged by defendants is that a director of a company which loses money through the alleged unlawful acts of its managing officers is not liable solely because he failed to discover and prevent such acts.

A consideration of this argument will determine the action. It will be noted that the allegation of the petition with reference to knowledge of the directors of the alleged unauthorized transactions is that they "knew or should have known" about them.

This amounts to a contention that a director in an ordinary corporation is charged with knowledge of its affairs equivalent to that with which a bank director is charged by R. S. 9-163. Such is not the rule, however, as to the liability of directors in a corporation such as that under consideration here. The rule is stated in 14a C. J. 100 as follows:

"The directors of a corporation are chargeable with knowledge of . . . such corporate affairs as it is their duty to keep informed of, of the financial condition of the corporation; and of facts which the corporate. books and records disclose. But they are not chargeable with knowledge of all of the affairs of the corporation, and it is held that they are not chargeable with knowledge of its business transactions."

See, also, 2 Thompson on Corporations, 3d ed., sec. 1404. There it is said:

". . . where directors act honestly, and for what they regard as the best interests of the corporation and do not willfully pervert or exceed their powers but only misjudge the same, on the plainest principles of justice, as well under the adjudicated cases, they could not be held liable."

The rule is stated in *Holmes v. Crane*, 182 N. Y. Supp. 270, as follows:

". . . a director is only liable to a corporation or its stockholders for his own acts or omissions, and to render him liable for *ultra vires* acts of the corporation it must be shown and found that he voted therefor, participated therein, connived thereat or negligently omitted to perform his duty . . . and aside from acts which are *ultra vires,* and for which their liability is as above stated, they are not liable for losses caused by a mere error of judgment, when they act without corrupt motive and in good faith." (p. 274.)

See *Briggs v. Spaulding,* 141 U. S. 132, 35 L. Ed. 662.

Plaintiff cites and relies on the rule laid down in *Stewart v. Harris,* 69 Kan. 498, 77 Pac. 277. In that case the president of a bank misled one of the stockholders as to the condition of the.bank and caused the stockholder to sell him his stock for less than its value. The stockholder sued for the difference between what he received for his stock and what it was worth. The court held the president of the bank liable and said:

"The managing officers of a corporation are not only trustees of the corporate entity and the corporate property, but they are to some extent, and in many respects, trustees for the corporate shareholders.

"When two parties occupy to each other a confidential or fiduciary relation, and a sale is made by one to the other, equity raises a presumption against the validity of the transaction. To sustain it the buyer must show affirmatively that the transaction was conducted in good faith, without pressure or influence on his part, and with express knowledge of the circumstances and entire freedom of action on the part of the seller." (Syl. ¶¶ 1, 2.)

The case is not in point here. In that case and in a similar case relied on by plaintiff there was an active fraud imposed upon the stockholder by the director to the profit or advantage of the director. We have no such case as that here. The petition does not allege that the defendants had had actual knowledge of the transactions or that defendants profited by them. A director of a corporation is not charged with knowledge of what the officers in charge of the company are doing. To so hold would be to go far beyond any rule of liability that has been called to our attention.

The judgment of the trial court is affirmed.