## SQUIRE v GUARDIAN TRUST CO et

Ohio Common Pleas, Cuyahoga C

Decided Nov 23, 1937

Herbert S. Duffy, Attorney General, Columbus. Hugh McNamee, Cleveland. Harold H. Gorman, Cleveland, John W. Bricker, Columbus, and Charles F. Carr, Cleveland, special counsel for plaintiff.

Tolles, Hogsett & Ginn, Cleveland, Grossman & Grossman, Cleveland, Calfee & Fogg, Cleveland, Bulkley, Hauxhurst, Inglis & Sharp, Cleveland, Charles Higley, Cleveland, Orgill, Maschke & Wickham, Cleveland, Treadway & Marlatt, Cleveland, Day, Young & Veach, Cleveland, Henry E. Pleasant, Cleveland, Boyd, Brooks & Wickham, Cleveland, McKeehan, Merrick, Arter & Stewart, Cleveland, Clinton DeWitt, Cleveland, Thompson, Hine & Flory, Cleveland, Andrews, Hadden & Putnam, Cleveland, Maurer & Bolton, Cleveland, Garfield, Cross, Daoust, Baldwin & Vrooman, Cleveland, Squire, Sanders & Dempsey, Cleveland, Henderson, Quail, McGrew & Barkley, Cleveland, for defendant.

## OPINION

By HURD, J.

This is an action by the superintendent of banks of the state of Ohio against the directors of The Guardian Trust Company praying for an accounting with respect to their alleged dereliction as directors of said bank, now in liquidation.

We have before us for consideration motions of numerous defendants in substance as follows:

A. To separately state and number causes of action.

B. To make definite and certain.

C. To strike certain allegations.

While this is not intended as a formal opinion we wish to say that we have given much time and study to the questions involved and it is our desire that this memorandum opinion may be sufficiently informative and helpful to enable the parties to conform their pleadings in accordance with the views herein expressed.

In our opinion the question which is most important and the one to which we have given the most extended examination is that raised by the motions of the several defendants to separately state and number the causes of action. These motions, we believe, involve in part at least a determination of the nature of the action and the theory upon which the case may proceed.

The plaintiff claims in respect of these motions that this is an action for an accounting in equity under the so-called "trust fund theory," and that this is a single action based upon a number of grounds giving rise to a right of recovery against the various defendants and that therefore the motions should be overruled.

In oral argument counsel for plaintiff advanced the proposition contained in his brief that the assets of the bank are -in theory a trust fund in the hands of the directors at the time of the failure of the bank, and that therefore the directors are

answerable for the losses ensuing by reason thereof in an action in equity for an accounting. After careful consideration we have reached the considered opinion that the "trust fund theory" urged by the plaintiff cannot be sustained in view of the allegations of the petition.

It is our view that to accept this theory as the case is pleaded would be to indulge a fiction clearly unwarranted in the premises. We are aware that in reaching this conclusion we are not in accord with the decision in the early Nisi Prius case of **Meise v Loren, 4 N.P. 100,** (1897) but we believe we are in accord with the great weight of authority, and further that we are in accord with that which is more important, namely, the reasoning, logic, and justice of the case.

It seems to us that on principle the decisions in such cases as **Mason v Moore, 73 Oh St 275; Goff v Emde, 32 Oh Ap 216** (6 Abs 546); **Briggs v Grocery Co., 116 Oh St 343;** Hughes v Reed, 46 Fed. (2nd) 435, and Dykman v Keeney, 154 N. Y. 483, are expressive of higher and better authority and are more cogent and persuasive in reason and logic than Meise v Loren, supra, and other early Ohio lower court decisions relied upon by plaintiff as authority for his contention in the case at bar. Our conclusions likewise are in accord with such text authority as Phillips on Code Pleading, Bates Pleading and Practice, Pomeroy Code Remedies and the provisions of §11308 GC.

According to our view the "trust fund theory" would properly apply in a given case where the petition alleges in substance that the directors as trustees **hold title to trust assets** or that trust assets actually **have come into their hands as such trustees,** and that they have been guilty of a breach of trust with relation to some alleged improper or unlawful use of such assets. There are no such allegations in the petition.

In other words, it is our view that the relationship existing between the directors, the stockholders and the depositors does not ipso facto constitute them insurers of the assets of the corporation, or **vest them with title to the assets,** or create them trustees in the sense that **they have money or property in their hands** for which they must give an accounting required of a technical trustee who has assets of his cestui que trustent in his hands, merely because of the failure of the bank to meet its obligations in the regular course of business.

We find also that we are not in accord with the contention of the plaintiff that the allegations as contained in the petition constitute one cause of action with numerous grounds for recovery. We are of the opinion that the wrongful acts of omission or commission which are breaches of a common law duty or a duty imposed by statute, constitute several causes of action against the respective directors.

The wrongful acts with relation to some particular transaction may be continuing in nature over a period of time. Therefore time alone is not the essential element involved but the wrongful acts with relation to some particular breach of duty, whether of common law or by way of violation of statute are the essential elements constituting separate causes of action against the respective defendants.

We have carefully examined the petition not once but any number of times and our first impression, gained upon the first examination, namely, that the petition is very loosely drawn, has ripened into a definite conclusion. We have noted particularly that in no part of the petition are any particular directors charged with any particular acts of omission or commission which would subject them to liability. There is what might perhaps be termed an omnibus list of persons who are alleged to have been directors of the bank for varying periods of time from the year 1923 to the year 1933, both inclusive. The petition then contains a great number of allegations, more or less in the nature of a history of certain transactions, the narrative in respect of the loans to the Hotel Hollenden Company and to the New England Company being examples in point. The petition is silent as to which of the defendant directors participated in these transactions, and it appears upon the face of the petition that certain directors could not have participated as directors because these transactions occurred either after they had ceased to be directors or before they had any such responsibility.

We are of the opinion that the wrongful acts of commission or omission which are breaches of common law duty or a duty imposed by statute, constitute separate causes of action against separate directors and that each defendant is entitled to know specifically by proper pleading what wrongful acts of malfeasance, misfeasance or non-feasance are relied upon by the plaintiff as creating liability.

The petition is seriously wanting in these important respects.

The words of U. S. Circuit Judge McDermott in an opinion concurred in by Circuit Judge Phillips and District Judge Pollock, cited, quoted in the brief of counsel for defendants, is so peculiarly in point as to justify quotation here. Say the court:

"It should be remembered that, while **the form of the action is equitable, the relief sought is the recovery of money; the liability is legal** and the wrong complained of is personal and **not vicarious;** before there can be a recovery against any director (of the First National Bank of Sapulpa) a violation of his statutory or common law duty must be proven as to him and the amount of loss occasioned by his dereliction must be proven. The pleading should allege the wrong, when it was committed, and the loss occasioned thereby as far as it is possible so to do. The pleader has shot at the covey with a shot gun; he should aim at a particular bird with a rifle."

While we are not prepared to apply the simile used by the learned judge to the parties in the instant case, when he likens the defendants to "birds" and the plaintiff to the user of a lethal weapon, nevertheless we must admit that the simile is expressive and the reasoning good. Holding the views herein set forth, an order is allowed as to all defendants, requiring the plaintiff to separately state and number in conformity herewith.

Considering now the motions to make definite and certain, we wish to say that what we have stated with respect to a consideration of the motions to separately state and number applies with equal force to the motions to make definite and certain. In our opinion the petition as filed is very indefinite and very uncertain. After careful study the court cannot ascertain from a reading of the petition just what acts of a breach of the fiduciary relationship existing between the directors on the one hand and the depositors, creditors and stockholders on the other, are charged as against the various defendants unless we attempt to draw inferences, which might perhaps be unwarranted.

As above stated the liability of the defendants must rest upon a breach of duty. This breach of duty can come about through acts of omission or commission constituting malfeasance, misfeasance or non-feasance. This duty arises from a breach of a common law duty or duty imposed by statute.

Unquestionably the defendants are trustees in the sense that they occupy a fiduciary relationship with respect to depositors and stockholders. Nevertheless they are entitled to know with what breaches of duty they are charged so that they may properly prepare a defense if any defense they have to the allegations of the petition. The acts of omission or commission constituting the breaches of duty should be alleged with such particularity with relation to the subject matter that the various defendants may know specifically what charge or charges they are called upon to answer. Therefore motions to make definite and certain will be granted to all defendants in conformity herewith.

The motions to strike are overruled.

We realize that as a result of granting the motions to separately state and number, and to make definite and certain, a great burden of work in the preparation of an amended petition is placed upon the plaintiff, and a reasonable time under all of the circumstances will be granted the plaintiff for leave to plead by filing an amended petition. This may be covered by a journal entry and an order may be entered accordingly.