Donald G. NICHOLS, Plaintiff
and Appellant,

v.

BRADY CONSULTANTS, INC., Defendant, Third-Party Plaintiff and
Appellee,

v.

DEER MEADOWS, INC., Third-Party
Defendant and Appellee.

No. 13169.

Supreme Court of South Dakota.

Argued Jan. 9, 1981.

Decided May 20, 1981.
Rehearing Denied June 24, 1981.

James E. Kessler of Erickson & Kessler, Brookings, for plaintiffs and appellants.

Alan F. Glover of Denholm & Glover, Brookings, for defendant and appellee.

Harlan A. Schmidt, Spearfish, for appellant; Steven J. Bucher, legal intern, Spearfish, on the brief.

Craig G. Grotenhouse, Spearfish, for appellee Brady.

Thomas E. Brady, Spearfish, for appellee Meadows.

WOLLMAN, Chief Justice.

Donald G. Nichols (appellant) appeals from the summary judgment entered in behalf of appellee Brady Consultants, Inc. (Brady), and from the order denying his motion to amend his answers to interrogatories. We reverse and remand.

The third-party defendant, Deer Meadows, Inc. (Deer Meadows), is the developer of a residential subdivision near Spearfish, South Dakota. It hired Brady to survey the subdivision plat, and on May 20, 1975, Brady certified the accuracy of the plat.

In May of 1978, Deer Meadows sold Lot 35A of the residential subdivision to Terry A. Biel and Barbara J. Biel. The Biels discovered that a corner monument of Lot 35A was approximately forty-five feet from the correct location. The Biels notified R. M. Tysdal, who was a shareholder of Deer Meadows, of the erroneous location of the corner monument. On June 16, 1978, Brady acknowledged the erroneous location of the corner monument and placed a temporary wooden stake in the ground at the correct location. Brady did not, however, remove the incorrectly placed corner monument. The Biels then reconveyed the lot to Deer Meadows. Shortly thereafter, appellant purchased the Deer Meadows stock of one of the original incorporators.

On or about April 10, 1979, appellant individually purchased Lot 35A from Deer Meadows and began constructing a house. Relying upon the location of the corner monument, appellant began constructing part of the house on a portion of the adjacent lot. Appellant discontinued construction when he was informed of the erroneous location of the corner monument and subsequently sold the lot to another party.

Appellant's complaint alleged three causes of action: 1) that Brady negligently misrepresented the location of the corner monument, 2) that Brady breached its warranty of accuracy contained in the certification of the survey, and 3) that appellant is a third-party beneficiary of the survey. Brady answered and brought a third-party action against Deer Meadows.

Appellant contends that the trial court erred in holding that Deer Meadows' knowledge of the survey error is imputed to appellant as a shareholder, officer, and director of Deer Meadows.[1] We agree with appellant's contention.

As an initial matter, we note that even if R. M. Tysdal had knowledge of the erroneous location of the corner monument, neither he nor Deer Meadows could legally move the corner monument to its correct location. SDCL 43–18–4.[2]

 As a general statement, corporate directors and officers are chargeable with knowledge of any matter that it is their duty to know. *Baltimore & O. R. Co. v. Foar*, 84 F.2d 67 (7th Cir. 1936); *In re Evans' Estate*, 232 N.W. 72 (Iowa 1930); *Barrett v. Smith*, 185 Minn. 596, 242 N.W. 392 (Minn.1932); *Doyle v. Union Ins. Co.*, 202 Neb. 599, 277 N.W.2d 36 (Neb.1979); *Mobridge Community Industries v. Toure*, 273 N.W.2d 128 (S.D.1978).[3] See generally 19 Am.Jur.2d *Corporations* § 1286 (1965); 19 C.J.S. *Corporations* § 762 (1940). See also *Porter v. Hallet & Carey Co.*, 40 S.D. 136, 166 N.W. 525 (1918).

Directors or officers may not, however, be charged with the knowledge of all the affairs of the corporation. *Noll v. Boyle*, 36 P.2d 330 (Kan.1934); *Goff v. Emde*, 32 Ohio App. 216, 167 N.E. 699 (1928).

We hold that the knowledge of Deer Meadows regarding the erroneous location of the corner monument should not be imputed to appellant. Appellant had no actual knowledge of the erroneous location of the corner monument and was in fact not even a stockholder, officer, or director of Deer Meadows at the time the erroneous location was discovered or when Lot 35A was reconveyed to Deer Meadows. There was nothing in any of Deer Meadows' written materials relating to the erroneous location. Cf. *Porter v. Hallet & Carey Co.*, supra. Appellant was not aware of all Deer Meadows' property holdings at the time he acquired the Deer Meadows stock. At subsequent director meetings, the past dealings of Deer Meadows were apparently not discussed. Additionally, appellant is not the manager in charge of Deer Meadows' day-to-day activities.

We conclude that Brady was not entitled to judgment as a matter of law. Appellant should be allowed to go to trial on all three causes of action.

In view of our holding, we need not discuss the issue raised with regard to the order denying appellant's motion to amend his answers to interrogatories and the other two issues raised in his brief.

The summary judgment is reversed and the case remanded to the trial court for further proceedings.

All the Justices concur.

---

1. We recognize that appellant now argues that he is a shareholder but not a director or officer of Deer Meadows. Nevertheless, due to certain procedural defects below, we address appellant's contention under the assumption that appellant is a director and officer of Deer Meadows, as he stated in his deposition and answers to interrogatories. This factual issue can be fully litigated and determined on remand.

2. SDCL 43–18–4 provides:
No United States government survey corner nor any corner established by any registered land surveyor shall be disturbed, removed, or in any manner changed by any person in the prosecution of any public or private work. Whoever shall violate any of the provisions of this section shall be guilty of a misdemeanor and punished by a fine of not less than twenty-five dollars nor more than one hundred dollars for every offense.

3. Brady relies heavily on *Mobridge Community Industries v. Toure*, supra, and *Briggs Transp. Co. v. Starr Sales Co.*, 262 N.W.2d 805 (Iowa 1978), in support of its contention that Deer Meadows' knowledge of the erroneous location of the corner monument must be imputed to appellant. Nevertheless, these cases are inapposite here because both dealt with a situation where a party was attempting to pierce the corporate veil.